IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| OWEN GARTH HINKSON, | : | MOTION TO VACATE |
| BOP # 17785-038, | : | 28 U.S.C. § 2255 |
| Movant, | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 1:12-CR-106-MHC-JEM-1 |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
| Respondent. | : | 1:21-CV-4519-MHC-JEM |

## ORDER AND FINAL REPORT AND RECOMMENDATION

Movant, Owen Garth Hinkson, submitted a *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. (Doc. 84.) The Government filed a response in opposition. (Doc. 87.) Movant submitted two construed motions for leave to file replies (Docs. 101, 102). For good cause shown, Movant's construed motions for leave to file replies (Docs. 101, 102) are **GRANTED**, and Movant's replies are accepted as timely filed.

Movant also submitted a motion to dismiss indictments (Doc. 85) and four construed motions for leave to file supplemental memoranda of law (Docs. 99, 103, 109, 110). For good cause shown, Movant's construed motions for leave to file supplemental memoranda of law (Docs. 99, 103, 109, 110) are **GRANTED**, and Movant's supplemental memoranda of law are accepted as timely filed.

For the reasons stated below, the undersigned **RECOMMENDS** that the § 2255 motion (Doc. 84) be **DISMISSED** as untimely and the motion to dismiss indictments (Doc. 85) be **DENIED**.

I.     **PROCEDURAL HISTORY**

On August 10, 2012, Movant pleaded guilty to illegally reentering the United States, in violation of 18 U.S.C. § 1326(a) and (b)(2). (Docs. 1, 22.) On December 5, 2012, the District Court, *Carnes, J.*, filed the judgment and commitment, sentencing Movant to 48 months of imprisonment, followed by three years of supervised release. (Doc. 34.) On February 24, 2014, the United States Court of Appeals for the Eleventh Circuit affirmed. *See United States v. Hinkson*, 556 F. App'x 837 (11th Cir. 2014) (per curiam). (Doc. 56.) Movant was deported on September 24, 2015. (Doc. 58.)

On January 5, 2017, Movant was charged with violating the terms of his supervised release by (1) illegally reentering the United States on or before November 19, 2016, and (2) failing to report to the probation office. (*Id.*) On September 13, 2017, (1) Movant admitted the violations, and (2) the District Court, *Duffey, J.*, revoked Movant's supervised release and sentenced him to 24 months of imprisonment. (Doc. 77.) Movant did not appeal.

In his § 2255 motion, filed on October 26, 2021, Movant claims that he is entitled to resentencing because his 1989 Massachusetts state conviction for possession of a firearm and unlawful possession of ammunition was vacated on November 2, 2020. (Doc. 84 at 3-6.) Movant submitted the same § 2255 motion and related filings to challenge his conviction for illegally reentering the United States in November 2016. *See Hinkson v. United States*, Nos. 1:17-CR-72-JPB-JEM & 1:21-CV-4518-JPB-JEM (N.D. Ga. filed Oct. 26, 2021). The § 2255 motion and related filings primarily concern that conviction, rather than the revocation of

Movant's supervised release. The undersigned is simultaneously filing a separate Order and Final Report and Recommendation in the cases before the District Court, *Boulee, J.*[1]

## II. DISCUSSION

A § 2255 motion is subject to the one-year statute of limitations provided by 28 U.S.C. § 2255(f). The one-year period runs from the latest of the dates on which (1) Movant's conviction became final; (2) a Government impediment to making the § 2255 motion was removed; (3) a right that Movant asserts was initially recognized by the United States Supreme Court, if the right has been newly recognized and made retroactively applicable to cases on collateral review; or (4) Movant, with due diligence, could have discovered the facts supporting his claims. *See* 28 U.S.C. § 2255(f)(1)-(4).

Under § 2255(f)(1), Movant had 14 days in which to appeal his supervised release revocation after he was sentenced on September 13, 2017. *See* Fed. R. App. P. 4(b)(1)(A)(i). Movant did not appeal, and the period in which to do so expired on September 27, 2017. Thus, Movant's conviction became final on that date, and the one-year statute of limitations expired on September 27, 2018.[2]

---

[1] It is unclear why the Clerk assigned Movant's related cases to a different District Judge.

[2] The one-year period is calculated using the "anniversary method, under which the limitations period expires on the anniversary of the date it began to run." *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (internal quotation marks omitted).

Movant filed his § 2255 motion more than three years late, on October 26, 2021. He fails to show that the circumstances set forth in § 2255(f)(2)-(3) apply.

Movant argues that § 2255(f)(4) applies because his 1989 Massachusetts state conviction for possession of a firearm and unlawful possession of ammunition was vacated on November 2, 2020. "[T]he state court vacatur of a predicate conviction is a new 'fact' that triggers a fresh one-year statute of limitations under § 2255(f)(4), so long as the [movant] exercised due diligence in seeking that order." *Stewart v. United States*, 646 F.3d 856, 858 (11th Cir. 2011) (citing *Johnson v. United States*, 544 U.S. 295, 302 (2005)) (footnote omitted). "Diligence is shown by the [movant's] prompt filing of a state habeas petition, as measured from the date that judgment was entered on the enhanced federal sentence." *Rivers v. United States*, 416 F.3d 1319, 1322 (11th Cir. 2005) (per curiam).

In the present case, the undersigned concludes that § 2255(f)(4) does not apply because the revocation of Movant's supervised release was not predicated on or enhanced by his 1989 Massachusetts conviction. Movant's revocation was predicated on his (1) illegal reentry in November 2016, and (2) failure to report to the probation office. Even if § 2255(f)(4) was triggered, Movant did not exercise due diligence. Movant's revocation was entered on September 13, 2017, but he waited more than 21 months, until July 2, 2019, to file a counseled motion to vacate his 1989 Massachusetts conviction. (Doc. 84 at 14.) Movant fails to show that waiting more than 21 months after his revocation constitutes "prompt filing." *Rivers*, 416 F.3d at 1322.

4

"Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam). In the present case, Movant does not establish that (1) extraordinary circumstances caused the untimely filing of his § 2255 motion, and (2) he acted diligently.

"Actual innocence is not itself a substantive claim, but rather serves only to lift the procedural bar caused by [a movant's] failure timely to file [a] § 2255 motion." *United States v. Montano*, 398 F.3d 1276, 1284 (11th Cir. 2005) (per curiam). To demonstrate actual innocence, a movant must "support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). A movant "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327. In the present case, Movant fails to present new reliable evidence demonstrating actual innocence.

Accordingly, the undersigned **RECOMMENDS** that the § 2255 motion (Doc. 84) be **DISMISSED** as untimely and the motion to dismiss indictments (Doc. 85) be **DENIED**.

### III.   CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28

U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [§ 2255 motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a [§ 2255 motion] on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

The undersigned **RECOMMENDS** that a certificate of appealability be **DENIED** because the resolution of the issues presented is not debatable. If the District Court adopts this recommendation and denies a certificate of appealability, Movant "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2255, Rule 11(a).

6

## IV.  CONCLUSION

For the reasons stated above, the undersigned **ORDERS** that Movant's construed motions for leave to file replies and supplemental memoranda of law (Docs. 99, 101, 102, 103, 109, 110) are **GRANTED**, and Movant's filings are accepted as timely. The undersigned **RECOMMENDS** that (1) the § 2255 motion (Doc. 84) be **DISMISSED** as untimely, (2) the motion to dismiss indictments (Doc. 85) be **DENIED**, (3) a certificate of appealability be **DENIED**, and (4) civil action number 1:21-CV-4519-MHC-JEM be **CLOSED**.

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**SO ORDERED AND RECOMMENDED**, this 12th day of January, 2023.

_____
J. ELIZABETH McBATH
UNITED STATES MAGISTRATE JUDGE