## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **OWEN GARTH HINKSON,** <br> **BOP # 17785-038,** | **MOTION TO VACATE** <br> **28 U.S.C. § 2255** |
| **Movant,** | |
| | **CRIMINAL ACTION FILE** <br> **NO. 1:12-CR-106-MHC-JEM** |
| **v.** | |
| **UNITED STATES OF AMERICA,** | **CIVIL ACTION FILE** <br> **NO. 1:21-CV-4519-MHC-JEM** |
| **Respondent.** | |

## ORDER

Movant Owen Garth Hinkson, acting pro se, has filed a motion to vacate, set aside, or correct an allegedly illegal sentence in accordance with 28 U.S.C. § 2255 [Doc. 84] and a Motion to Dismiss Indictments under 8 U.S.C. § 1326(d) [Doc. 85]. This matter is before the Court on the January 12, 2023, Final Report and Recommendation of the Magistrate Judge [Doc. 111] ("R&R") recommending that the Motion to Vacate be denied as untimely, the Motion to Dismiss Indictments be denied, and a certificate of appealability not be issued. The Order for Service of the R&R [Doc. 112] provided notice that, in accordance with 28 U.S.C. § 636(b)(1), the parties were authorized to file objections within fourteen (14) days of the receipt of that Order. On January 31, 2023, the Court granted Movant's

motion for extension of time to file objections to the R&R until February 28, 2023

[Doc. 115]. On March 6, 2023, six days past the time period for filing objections,

Movant filed an objection to the portion of the R&R that recommends denial of his

§ 1326(d) motion ("Pl.'s Obj. I") [Doc. 116] and a separate objection which, in

part, objects to the portion of the R&R which recommends denial of his § 2255

motion[1] ("Pl.'s Obj. II") [Doc. 117]. This Court considers both sets of objections

in full despite the fact they were filed out-of-time.

## I.    STANDARD OF REVIEW

In reviewing a Magistrate Judge's R&R, the district court "shall make a de

novo determination of those portions of the report or specified proposed findings

or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties

filing objections to a magistrate's report and recommendation must specifically

identify those findings objected to. Frivolous, conclusive, or general objections

need not be considered by the district court." United States v. Schultz, 565 F.3d

1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548

(11th Cir. 1988)) (internal quotation marks omitted). Absent objection, the district

court judge "may accept, reject, or modify, in whole or in part, the findings and

---

[1] The bulk of the second objection also deals with the dismissal of his § 1326(d) motion.

2

recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and need only satisfy itself that there is no plain error on the face of the record in order to accept the recommendation. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983). Further, "the district court has broad discretion in reviewing a magistrate judge's report and recommendation"—it "does not abuse its discretion by considering an argument that was not presented to the magistrate judge" and "has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." Williams v. McNeil, 557 F.3d 1287, 1290-92 (11th Cir. 2009). In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court has conducted a *de novo* review of those portions of the R&R to which the parties object and has reviewed the remainder of the R&R for plain error. See Slay, 714 F.2d at 1095.

## II.   DISCUSSION

### A.   Procedural History

On August 10, 2012, Movant pleaded guilty to the indictment charging him with being found in the United States after being previously deported without obtaining consent to re-apply for admission, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). Criminal Indictment [Doc. 1]; Plea (With Counsel) [Doc. 22-1]. On December 5, 2012, Movant was sentenced to forty-eight (48) months

imprisonment to be following by three (3) years of supervised release.  J. in a Criminal Case [Doc. 34].  Conditions of supervised release included that Movant not commit another federal, state, or local crime and shall report, if not deported, to the probation office in the district to which he is released within 72 hours of release from the custody of the Bureau of Prisons.  Id. at 3. Movant appealed his sentence [Doc. 36] and, on February 24, 2014, the Eleventh Circuit affirmed the 48-month sentence [Doc. 56].  On September 24, 2015, Movant was deported from the United States.  Violation Report [Doc. 58] at 1.

On January 5, 2017, a Violation Report was filed alleging that Movant was present in the Northern District of Georgia since November 19, 2016, but failed to report to the probation office as required and committed the offense of reentry of a removed alien in violation of 8 U.S.C. § 1326 by being found in the United States without obtaining prior approval.  Violation Report at 1-2.  Following a hearing at which Movant admitted the violations, the district court ordered that Movant's supervised release be revoked and Movant was sentenced to a term of imprisonment of twenty-four (24) months with no supervised release to follow [Doc. 77].[2]

---

[2] Movant also was convicted after a plea of guilty to a second indictment charging him with illegal reentry and sentenced on September 13, 2017, to a term of imprisonment of seventy-two (72) months to run consecutive to the term of

**B.      Section 2255 Motion**

In his § 2255 Motion filed on October 26, 2021, Movant, relying on 28

U.S.C. § 2255(f)(4), contends he should be resentenced because his 1989

Massachusetts state felony conviction for possession of a firearm and unlawful

possession of ammunition was vacated on November 2, 2020 [Doc. 84 at 3-6].  As

noted by the Magistrate Judge, this argument is more relevant to the same motion

Movant filed in Hinkson II, where he was sentenced after pleading guilty to an

indictment charging him with illegal reentry, as opposed to this case, where he was

sentenced following the revocation of his supervised release.  R&R at 2-3.  With

respect to this case, Movant was sentenced on September 13, 2017, in conjunction

with the revocation of his supervised release.  He failed to appeal, which means the

conviction became final fourteen days later on September 27, 2017.  FED. R. APP.

P. 4(b)(1)(A)(i).  "A 1-year period of limitation shall apply" to a § 2255 motion,

which runs from "the date on which the judgment of conviction became final."  28

---

imprisonment for the revoked term of his supervised release.  United States v.
Owen Garth Hinkson, No. 1:17-CR-0072-JPM-JEM (N.D. Ga.) ("Hinkson II")
[Docs. 1, 33], aff'd, United States v. Hinkson, 744 F. App'x 656 (11th Cir. 2018).
Movant filed the same motions in Hinkson II as he has filed in this case, and the
same objections to the Report & Recommendation issued in Hinkson II, and those
objections were overruled and the motions were denied.  Id., Order of Mar. 23,
2023 [Doc. 82], adopting Jan. 12, 2023, Report & Recommendation [Doc. 68].

U.S.C. § 2255(f)(1). Therefore, the statute of limitations for the filing for a § 2255

motion with respect to Movant's revocation sentence expired on September 27,

2018. Movant filed his § 2255 motion on October 21, 2021, more than three years

later.

In his objections, Movant claims that the statute of limitations for filing a

§ 2255 motion in this case should be calculated based upon 28 U.S.C. § 2255(f)(4),

and that the Magistrate Judge erred by failing to take into account the vacating of

his Massachusetts state conviction on November 2, 2020, which was cited by the

Eleventh Circuit in the denial of his direct appeal from his second conviction for

illegal reentry. Pl.'s Obj. II at 6-9 (citing United States v. Hinkson, 744 F. App'x

at 658). However, that appeal dealt with his conviction and sentence for illegal

reentry in 2017, not his 24-month sentence for violating the conditions of his

supervised release. But even if the vacating of the 1989 Massachusetts state

conviction was somehow relevant and 28 U.S.C. § 2255(f)(4) was somehow

triggered, Movant's § 2255 would still be untimely, as concluded by the Magistrate

Judge:

> In the present case, the undersigned concludes that § 2255(f)(4) does
> not apply because the revocation of Movant's supervised release was
> not predicated or enhanced by his 1989 Massachusetts conviction.
> Movant's revocation was predicated on his (1) illegal reentry in
> November 2016, and (2) failure to report to the probation office. Even
> if § 2255(f)(4) was triggered, Movant did not exercise due diligence.

> Movant's revocation was entered on September 13, 2017, but he waited more than 21 months, until July 2, 2019, to file a counseled motion to vacate his 1989 Massachusetts conviction (Doc. 84 at 14). Movant fails to show that waiting 21 months after his revocation constitutes "prompt filing. Rivers [v. United States], 416 F.3d [1319,] 1322 [11th Cir. 2005].

R&R at 4. None of Movant's objections provide a reason to reject the

Magistrate Judge's determination that his § 2255 motion is untimely.

## C.    Section 1326(d) Motion

In his Motion for Dismissal of His Indictments Pursuant to 8 U.S.C.

§ 1326(d)(3), Movant argues that

> his original removal order was infirm because (1) the Immigration Court did not have subject matter jurisdiction to "recognized" (sic) that Quebec, Montreal Canadian judgment; (2) the judgment of conviction that was used in the Immigration "Notice to Appear is a Quebec, Montreal Canadian judgment; and (3) the only judgment in the July 10, 1985 Immigration Judge's Deportation Order is the Quebec, Montreal Canadian judgment."

[Doc. 85 at 1]. The Magistrate Judge recommends dismissal of this motion. R&R

at 5. Movant objects because the Magistrate Judge did not given detailed reasons

why the motion should be denied, his deportation order violated due process, and

he was deprived of the effective assistance of counsel. Pl.'s Obj. I at 5-17; Pl.'s

Obj. II at 10-31.

As an initial matter, Movant did not raise an ineffective assistance of counsel

claim in his § 1326(d) motion but for the first time in his objections to the R&R.

But even if he had raised such a claim in his § 1326(d) motion, it would be denied

as improperly brought because an ineffective assistance of counsel claim can only

be raised by a motion under § 2255. Massaro v United States, 538 U.S. 500, 504

(2003). This Court has already determined that Movant's § 2255 motion is

untimely.

With respect to the remainder of Movant's § 1326(d) motion, this Court

adopts the rationale of Judge Boulee, who overruled the same objections in

Hinkson II:

> In his § 1326(d) motion, Movant argues at length that his original order
> of removal from the United States in 1985 was improper because it
> relied on a conviction in Canada, he was denied his right to appeal and
> his immigration counsel provided ineffective assistance. Section
> 1326(d) provides that an alien subject to prosecution for illegal reentry
> may not challenge the validity of the original deportation order unless
> (1) he has exhausted his administrative remedies, (2) the alien was
> improperly deprived of judicial review of the deportation proceedings
> and (3) the deportation order was fundamentally unfair. 8 U.S.C. §
> 1326(d).
>
> Even though the Magistrate Judge did not explain why the § 1326(d)
> motion was subject to denial, it is clear to the Court that the motion fails
> for at least three reasons. First, Movant did not exhaust his
> administrative remedies. In this case, Movant admits that he did not
> appeal the original deportation decision. Movant claims, however, that
> the exhaustion requirement is nevertheless satisfied because his
> immigration counsel was ineffective. Significantly, § 1326(d)(1)
> requires exhaustion of "*any* administrative remedies that may have
> been available." 8 U.S.C. § 1326(d)(1) (emphasis added). Accepting
> Movant's claim that he could not file a direct appeal to the Board of
> Immigration Appeals ("BIA") because of his counsel's ineffectiveness,

he nonetheless could have filed a motion to reopen his immigration case and appealed the denial of that motion to the BIA.  United States v. Watkins, 880 F.3d 1221, 1226 (11th Cir. 2018); see United States v. Copeland, 376 F.3d 61, 67 (2d Cir. 2004) ("[A]n alien who failed to appeal an [immigration judge]'s deportation order satisfied the exhaustion requirement of Section 1326(d) by making a motion to reopen his case and appealing the denial of that motion to the BIA.").

Second, a challenge under § 1326(d) is an affirmative defense, United States v. Reyes-Romero, 959 F.3d 80, 99 (3d Cir. 2020), that cannot be raised for the first time in a post-conviction motion, United States v. Herrera-Pagoada, 14 F.4th 311, 318 (4th Cir. 2021). As such, Movant's § 1326(d) motion is procedurally defaulted. Even if Movant could show cause and prejudice to raise the procedural bar, Movant's voluntary guilty plea waives all non-jurisdictional defenses he may have had. United States v. Matthews, 168 F.3d 1234, 1242 (11th Cir. 1999).  To the degree that Movant contends that his trial counsel was ineffective for failing to raise his § 1326(d) challenge (or for advising Movant to plead guilty despite the fact that a § 1326(d) challenge was available), that claim is not properly brought under § 1326(d).  Rather, Movant's ineffective assistance claim can be raised only under § 2255, and, as already determined, Movant's § 2255 motion is untimely.

Third, Movant's 1985 order of removal does not appear to be improper. Indeed, the 1985 removal order was based on the immigration judge's determination that Movant was excludable (not deportable) upon his deportation from Canada to the United States.  The immigration judge determined that, under § 212(a)(9) of the Immigration and Nationality Act, Movant was excludable because he had been convicted of a crime involving moral turpitude. Importantly, Movant has not shown that he was not subject to exclusion based on his violation of a foreign law. In any event, he has raised this claim in a 28 U.S.C. § 2241 habeas corpus petition before the United States District Court for the Northern District of California, and that court deemed the claim "meritless."  Hinkson v. Warden of FCI Lompoc, 2:21-cv-7195, 2022 WL 1016897, at *3 (C.D. Cal. Apr. 5, 2022).

Hinkson II, Mar. 23, 2023, Order at 7-9.

9

## III. CONCLUSION

The Court has reviewed the portions of the R&R that were not objected to for plain error and finds none. After consideration of Movant's objections and a *de novo* review of the record, it is hereby **ORDERED** that Defendant's Objections to the R&R [Docs. 116, 117] are **OVERRULED.**

The Court **APPROVES AND ADOPTS** the Final Report and Recommendation [Doc. 111] as the Opinion and Order of the Court. It is hereby **ORDERED** that Movant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 [Doc. 84] is **DISMISSED** as untimely, and his Motion to Dismiss Indictments Pursuant to 8 U.S.C. § 1326(d) is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED** because Movant has not met the requisite standard under 28 U.S.C. § 2253(c). Movant may not appeal the denial of her motion but may seek a certificate from the United States Court of Appeals for the Eleventh Circuit under Federal Rule of Appellate Procedure 22. Rule 11(a), Rules Governing § 2255 Proceedings for the United States District Courts.

The Clerk is **DIRECTED** to close the civil case file.

**IT IS SO ORDERED** this 30th day of March, 2023.

_____
MARK H. COHEN
United States District Judge